# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BRANDON ENGLISH,

    Plaintiff,

v.

TIM THRASHER, *et al.*,

    Defendant.

CASE NO. 3:19-cv-06219-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Brandon English, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 11. Plaintiff, who is a state prisoner, seeks damages and injunctive relief from defendants Tim Thrasher and Ryan Pfaff under 42 U.S.C. § 1983. This matter has been referred to the undersigned as authorized by 28 U.S.C. § 1915A. Plaintiff alleges that defendants, who are prison officials, violated his constitutional rights by subjecting him to long term solitary confinement and denying him the opportunity to be removed from solitary confinement. But plaintiff's complaint does not survive preliminary screening under 28 U.S.C. § 1915A because he has failed to plead sufficient facts to demonstrate

how *each* named defendant, in either his official or personal capacity, participated in the alleged violation of his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by April 10, 2020, to cure deficiencies identified herein.

## BACKGROUND

Plaintiff is a state prisoner currently incarcerated at Monroe Correctional Complex ("MCC"). *See* Dkt. 11, at 3. Plaintiff filed this action in October 2019 and proceeds *in forma pauperis*. *See* Dkts. 1, 9. He brings claims against two Washington State Department of Corrections ("DOC") employees: a "mission housing chairm[a]n" and a "specialist 4," who he alleges are "high ranking prison officials" who are violating his constitutional rights. *Id.* at 1–2.

Plaintiff alleges that he has been housed in segregation, or in solitary confinement, since November 22, 2015. *See id.* at 3. Plaintiff alleges violations of the Eighth Amendment related to conditions of his confinement in the intensive management unit ("IMU"). *See* Dkt. 11, at 1, 3–5. Specifically, plaintiff alleges that defendants subjected him to "cruel and unusual punishment" by subjecting him to "long term isolation" that "caused [plaintiff] serious mental health issues," as well as "a severe skin condition that causes him extreme pain." *Id.* at 1, 4.

Plaintiff also argues that defendants violated his Fourteenth Amendment protections because defendants held plaintiff in segregation in the IMU without review for over thirty-six months, against DOC policy. *See id.* Plaintiff alleges that defendants denied plaintiff the opportunity to complete a "required self-help program" by transferring plaintiff "to WSP [Washington State Penitentiary], then again to CBCC [Clallum Bay Corrections Center], and now MCC." *Id.* at 1, 3. Plaintiff alleges that defendants continue to transfer him to different correctional facilities so that plaintiff cannot complete the program that plaintiff alleges would secure his release from segregation. *Id.* at 1, 3–4. Plaintiff further alleges that defendants did

not give plaintiff notice that he would remain in segregation beyond thirty-six months, nor did defendants provide plaintiff the opportunity to dispute plaintiff's continued segregation beyond the thirty-six month period. *See id.* at 4. Plaintiff further alleges that defendants "intentionally" decided not to follow DOC policy and to "act on their own" to "inflict[] maximum punishment." *Id.* at 5.

Plaintiff seeks damages and release from segregation. *Id.* at 7.

## DISCUSSION

### I. Screening Standards

Because plaintiff brings claims against government employees, the Court must review his complaint and dismiss any portion of the complaint that fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). However, because plaintiff is *pro se*, the Court will offer him an opportunity to amend his complaint unless it appears that any amendment would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Here, plaintiff's complaint suffers from deficiencies that will result in the undersigned recommending dismissal of this action unless plaintiff corrects those deficiencies in an amended complaint.

### II. Failure to State a Claim

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Additionally, a plaintiff must allege

facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). To avoid dismissal for failure to state a claim, plaintiff must include more than sweeping conclusory allegations against an official. *Leer*, 844 F.2d at 633. A claim upon which the Court can grant relief must have facial plausibility, which requires plaintiff to plead more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Claims may be brought against an individual in their personal capacity for damages. If a plaintiff brings a claim against a defendant in that person's "personal capacity" for damages, the plaintiff is "seek[ing] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Claims may also be brought against an official in his official capacity for prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123, 157 (1908); *see also Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). Where, as here, a plaintiff seeks injunctive relief from an official in his official capacity, the causation inquiry is "broader and more generalized" (*Leer*, 844 F.2d at 633); nevertheless, the plaintiff must at least allege facts that show at a minimum "the combined acts or omissions of the state officials responsible for" the misconduct alleged. *Linderman v. Vail*, 59 F. App'x 180, 183 (9th Cir. 2003 (citing *Leer*, 844 F.2d at 633)).

Here, plaintiff attributes nearly all of the allegations in the complaint to "[d]efendants" in general. For example, plaintiff alleges that "[d]efendants . . . subjected [plaintiff] to long term isolation" against DOC policy, however, plaintiff fails to allege each defendant's personal action(s) or inaction(s) that resulted in plaintiff's continued long term isolation. Dkt. 11, at 5. Plaintiff does not provide sufficient context or factual details to "nudge[] [his] claims across the

line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Iqbal*, 556 U.S. at 680. Accordingly, plaintiff does not state his claims in a manner that *plausibly alleges* the personal participation of *each* defendant, in individual or official capacity.

Furthermore, plaintiff's complaint also includes conclusory allegations that do not establish that defendants violated plaintiff's Eighth and Fourteenth Amendment rights. For example, plaintiff generally alleges that defendants are "responsible for [plaintiff] being housed in segregation," and plaintiff merely concludes that "these actions violate [his] constitutional rights." Dkt. 11, at 5. Plaintiff further alleges that defendants "subjected [plaintiff] to long term isolation without due process," and without alleging additional facts, concludes that defendants' alleged acts "violate[] the [Eighth] [A]mendment and [Fourteenth] [A]mendment." *Id*. Although plaintiff refers to potentially cognizable claims, those claims are not actionable against defendants, in their individual or official capacity, without additional factual allegations establishing how each defendant allegedly violated plaintiff's constitutional rights. Thus, plaintiff fails to state a claim for which relief may be granted as to the participation of defendants in violation of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983, and the Court declines to serve plaintiff's complaint as written.

## CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

Unless plaintiff shows cause or amends his complaint on or before **April 10, 2020**, the undersigned will recommend that plaintiff's claims against defendants be dismissed. If plaintiff intends to continue pursuing this civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional or federal right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) *exactly what the individual did or failed to do*; (4)

how the action or inaction of the individual is connected to the violation of plaintiff's constitutional or federal rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **April 10, 2020**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and the *Pro Se* Instruction Sheet to plaintiff.

Dated this 10th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge